UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK WARFIELD,

Plaintiff,

v.

CITY OF VACAVILLE,

Defendant.

Case No. 2:26-cv-02425-TLN-CSK (PS)

ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND

(ECF Nos. 1, 2)

Plaintiff Broderick Warfield is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. DISCUSSION

### A. The Complaint

The Complaint alleges that on or about March 14, 2026, Plaintiff Broderick Warfield was seized and detained by officers of Defendant City of Vacaville. Compl. at 2 (ECF No. 1). The Complaint alleges that the officers failed to conduct a proper investigation prior to Plaintiff's detention. *Id*. The Complaint also alleges that Plaintiff was not exhibiting signs of a mental health crisis, erratic behavior, or conduct which justified his detention. *Id*. The Complaint names Defendant City of Vacaville as the only

defendant, seeks compensatory damages against Defendant, and seeks punitive damages against the officers responsible for Plaintiff's detention if later identified. *Id*. at 4.

**B. Federal Rule of Civil Procedure 8**

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of his causes of action and fails to state a claim for relief under Section 1983. *Iqbal*, 556 U.S. at 678.

**C. Failure to State a Claim**

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Plaintiff's three causes of action against Defendant under Section 1983 allege (1) an unlawful seizure under the Fourth Amendment; (2) a violation of the Due Process Clause under the Fourteenth Amendment; and (3) *Monell* liability. Compl. at 3. "Municipalities cannot be held liable under Section 1983 for unconstitutional torts on a theory of *respondeat superior*." *Cardenas v. County of Alameda*, 2017 WL 1650563, at *2 (N.D. Cal. May 2, 2017) (citing *Monell v. Department of Social Services,* 436 U.S. 651, 691 (1978)). This means Plaintiff may not hold Defendant liable for the actions of its officers solely due to them being municipal employees. *Id*. Thus, the Court finds that Plaintiff's three causes of action are duplicative, as Defendant may only be held liable for Section 1983 violations under *Monell*. *See id*. Therefore, the Court proceeds to analyze these claims jointly as to whether Plaintiff has sufficiently pleaded a *Monell* claim. *See id.* (treating claims similarly where a plaintiff raised two general Section 1983 and a *Monell* claim against a municipality).

1. *Monell* Liability

Plaintiff seeks to bring a claim for municipal liability against Defendant City of Vacaville pursuant to Section 1983. Plaintiff raises two different theories of liability under *Monell*: (1) the existence of an unconstitutional policy, custom, or practice; and (2) a failure to train officers. Compl. at 3. To successfully allege a *Monell* theory of liability of an unconstitutional policy, custom or practice, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy"

caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

The Complaint does not allege any facts that could support a *Monell* claim under a theory of an unconstitutional policy, custom, or practice. Plaintiff alleges generally that Defendant's "policies, customs, or failure to train officers caused the constitutional violations." Compl. at 2-3. Such conclusory allegations are insufficient to state a *Monell* claim. *See Western Mining Council*, 643 F.2d at 624. Therefore, the claims against Defendant are dismissed with leave to amend. Plaintiff will be provided an opportunity to amend his Complaint if he can, but must allege specific facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendant's "execution of a government's policy or custom." *Monell*, 436 U.S. at 694.

Next, Plaintiff raises a *Monell* claim against Defendant for failure to train officers. Compl. at 3. To allege a failure to train, Plaintiff must allege facts to support a reasonable inference of "(1) a constitutional violation; (2) a municipal training policy that amounts to deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. County of San Diego*, 993 F. 3d 1134, 1153-1154 (9th Cir. 2020). "The municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference of the rights of persons with whom the [untrained employees] come in contact.'" *Mitchell v. County of Contra Costa*, 600 F. Supp. 3d 1018, 1031 (N.D. Cal. 2022) (quoting *Connick*, 563 U.S., at 61). To allege deliberate indifference, a plaintiff must establish that "policymakers were on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick*, 563 U.S., at 61. The Complaint alleges Defendant "failed to properly train officers regarding mental health-detentions, resulting in constitutional

harm." Compl. at 3. Plaintiff's failure to train claim is conclusory and lacks factual allegations regarding whether Defendant acted with deliberate indifference. Thus, the Court dismisses Plaintiff's *Monell* failure to train claim with leave to amend to the extent he can plead factual allegations to support the existence of a training policy and whether "policymakers were on actual and constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick*, 563 U.S., at 61.

**D. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In considering whether leave to amend should be granted, the Court also considers that this is not the first complaint Plaintiff has filed in this district court that has been dismissed for failure to state a claim. *See e.g., Warfield v. McNaughton Daily Republic Newspaper,* 1/23/2023 Order, No. 2:22-cv-01951-DAD-KJN (E.D. Cal Jan. 23, 2023) (ECF No. 6) (order dismissing complaint without prejudice for failure to state a cognizable claim); *Warfield v. Hale*, 2/13/2023 Order, No. 2:22-cv-01950-DAD-KJN (E.D. Cal. Feb. 13, 2023) (ECF No. 5) (order dismissing complaint due to failure to state a cognizable claim); *Warfield v. Solano Superior Court*, 8/19/2026 Order, No. 2:26-cv-00065-DJC-CKD (E.D. Cal. Aug. 19, 2026) (ECF No. 8) (order dismissing complaint with leave to amend for failure to state a claim). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected). However, Plaintiff is warned that failure to correct the deficiencies outlined in the Court's order will lead to a recommendation for dismissal without leave to amend.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and Defendant to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the Court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

**III. CONCLUSION**

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: September 14, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, warf.2425.26.screen.order